Citation Nr: 1602625 
Decision Date: 01/28/16 Archive Date: 02/05/16

DOCKET NO. 14-18 724 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in St. Petersburg, Florida


THE ISSUES

1. Entitlement to service connection for diabetes mellitus.

2. Entitlement to service connection for left lower extremity peripheral neuropathy.

3. Entitlement to service connection for right lower extremity peripheral neuropathy.


REPRESENTATION

Appellant represented by: Veterans of Foreign Wars of the United States


ATTORNEY FOR THE BOARD

T. Matta, Associate Counsel


INTRODUCTION

The appellant is a Veteran who served on active duty from June 1968 to June 1990. These matters are before the Board of Veterans' Appeals (Board) on appeal from an April 2011 rating decision by the St. Petersburg, Florida Department of Veterans Affairs (VA) Regional Office (RO). In his March 2014 VA Form 9, substantive appeal, and in March 2014 correspondence, the Veteran requested a Travel Board hearing and a decision review officer (DRO) hearing, respectively. In June 2015 correspondence, he withdrew these requests.


FINDINGS OF FACT

1. The Veteran's diabetes mellitus was not manifested during service nor within one year thereafter, nor is diabetes otherwise related to service; the evidence does not show that the Veteran set foot in the Republic of Vietnam or was otherwise exposed to herbicides (including Agent Orange) during service.

2. The Veteran's right and left lower extremity peripheral neuropathy was not manifested during his service, nor is peripheral neuropathy otherwise related to service; the evidence does not show that the Veteran set foot in the Republic of Vietnam or was otherwise exposed to herbicides (including Agent Orange) during service.

CONCLUSIONS OF LAW

1. Service connection for diabetes mellitus (to include as due to herbicide exposure) is not warranted. 38 U.S.C.A. §§ 1110, 1116, 5107 (West 2015); 38 C.F.R. §§ 3.102, 3.303, 3.304, 3.307, 3.309 (2015).

2. Service connection for right and left lower extremity peripheral neuropathy (to include as due to herbicide exposure) is not warranted. 38 U.S.C.A. §§ 1110, 1116, 5107 (West 2015); 38 C.F.R. §§ 3.102, 3.303, 3.304, 3.309 (2015).

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

Veterans Claims Assistance Act of 2000 (VCAA)

The requirements of 38 U.S.C.A. §§ 5103 and 5103A (West 2015) have been met. By correspondence dated in July 2010, VA notified the Veteran of the evidence and information needed to substantiate and complete his claims, of what information he was responsible for providing, of the evidence that VA would attempt to obtain on his behalf, and how VA assigns disability ratings and effective dates of awards. 

The Veteran's service treatment records (STRs) are associated with the record, and pertinent VA and private treatment records have been secured. The RO did not arrange for VA examinations/opinions as to the claims of service connection for diabetes and peripheral neuropathy decided herein. The Board has considered whether such examinations are necessary. The Veteran alleges that his diabetes could be related to herbicide exposure in Vietnam and that his bilateral lower extremity peripheral neuropathy is secondary to his diabetes. As discussed in more detail below, there is no evidence to suggest that the Veteran was ever in Vietnam or that he was exposed to herbicides in service; there is also no evidence that suggests his diabetes and/or peripheral neuropathy are otherwise related to service. Accordingly, absent any evidence suggesting that the Veteran's diabetes and peripheral neuropathy are related to service, examinations to secure medical nexus opinions are not necessary, as even the low standard in McLendon v. Nicholson, 20 Vet. App. 27 (2006), is not met. See 38 C.F.R. § 3.159(c)(4).

The Veteran has not identified any pertinent evidence that remains outstanding. The Board finds that the record includes adequate competent evidence to allow the Board to decide the matter on the merits.

Legal Criteria, Factual Background, and Analysis

Initially, the Board notes that it has reviewed all of the evidence in the Veteran's record with an emphasis on the evidence relevant to this appeal. Although the Board has an obligation to provide reasons and bases supporting its decision, there is no need to discuss, in detail, every piece of evidence. Gonzales v. West, 218 F.3d 1378, 1380-81 (Fed. Cir. 2000). Hence, the Board will summarize the relevant evidence, as appropriate, and the Board's analysis will focus specifically on what the evidence shows, or does not show, as to the claims.

Once the evidence is assembled, the Board is responsible for determining whether the preponderance of the evidence is against the claims. If so, the claim is denied; however, if the evidence is in support of the claim, or is in equal balance, the claim is allowed. Gilbert v. Derwinski, 1 Vet. App. 49, 55 (1990). It is the policy of VA to administer the law under a broad interpretation, consistent with the facts in each case, with all reasonable doubt to be resolved in favor of the claimant. 38 U.S.C.A. § 5107; 38 C.F.R. § 3.102. 

Service connection may be granted for a disability resulting from a disease or injury incurred in or aggravated by service. See 38 U.S.C.A. §§ 1110, 1131; 38 C.F.R. § 3.303(a). In order to establish service connection for the claimed disorder, there must be (1) evidence of a current disability; (2) evidence of incurrence or aggravation of a disease or injury in service; and (3) evidence of a causal connection between the disease or injury in service and the current disability. Shedden v. Principi, 381 F.3d 1163 (Fed. Cir. 2004).

Establishing secondary service connection requires evidence of: (1) a current disability (for which secondary service connection is sought); (2) a service-connected disability; and (3) that the current disability was either caused or aggravated by the service-connected disability. 38 C.F.R. § 3.310(a); see also Allen v. Brown, 7 Vet. App. 439 (1995).

Certain chronic disabilities, such as diabetes mellitus, are presumed to have been incurred in service if manifest to a compensable degree within one year of discharge from service. 38 U.S.C.A. §§ 1101, 1112; 38 C.F.R. §§ 3.307, 3.309. 

Certain diseases may be service connected on a presumptive basis as due to herbicide (Agent Orange) exposure if manifested in a veteran who served in the Republic of Vietnam during the Vietnam Era, based on presumptive exposure to certain herbicide agents. 38 U.S.C.A. § 1116. Those diseases are listed in 38 C.F.R. § 3.309(e); diabetes mellitus and peripheral neuropathy are both included in the list. 

The United States Court of Appeals for the Federal Circuit has held that a claimant is not precluded from establishing service connection with proof of actual direct causation if presumptive provisions do not apply. Combee v. Brown, 34 F.3d 1039 (Fed. Cir. 1994). In other words, the fact that a veteran may not meet the requirements for service connection on a presumptive basis does not in and of itself preclude the establishment of service connection, as entitlement may alternatively be established on a nonpresumptive direct-incurrence basis.

Lay evidence may be competent evidence to establish incurrence. See Davidson v. Shinseki, 581 F. 3d 1313 (Fed. Cir. 2009). Competent lay evidence means any evidence not requiring that the proponent have specialized education, training, or experience. Lay evidence is competent if it is provided by a person who has knowledge of facts or circumstances and conveys matters that can be observed and described by a lay person. 38 C.F.R. § 3.159(a)(2). Lay evidence can be competent and sufficient to establish a diagnosis of a condition when (1) a layperson is competent to identify the medical condition, (e.g., a broken leg), (2) the layperson is reporting a contemporaneous medical diagnosis, or (3) lay testimony describing symptoms at the time supports a later diagnosis by a medical professional. Jandreau v. Nicholson, 492 F.3d 1372 (Fed. Cir. 2007). Competent medical evidence is needed where the determinative question is one requiring medical knowledge. Id. 

Competent medical evidence means evidence provided by a person who is qualified through education, training, or experience to offer medical diagnoses, statements, or opinions. Competent medical evidence may also mean statements conveying sound medical principles found in medical treatises or in authoritative writings, such as medical and scientific articles and research reports or analyses. 38 C.F.R. § 3.159(a)(1). 


In his July 2010 claim for service connection, the Veteran reported that his diabetes mellitus is due to herbicide exposure and that his right and left lower extremity peripheral neuropathy are secondary to his diabetes mellitus.

In his June 2011 notice of disagreement, the Veteran reported that he served as the Crew Chief aboard a C-5 Galaxy aircraft, tail number 68222, that landed in either Ton Son Nhut or Da Nang, Vietnam between January 1, 1973, and March 31, 1973. Specifically, the aircraft traveled from the Charleston Air Force Base (AFB) in South Carolina to additional AFBs in Alaska, the Philippines, Japan, Vietnam, Guam, and Hawaii during a 90-day mission.

Exhaustive development has been undertaken to address the Veteran's allegation of exposure to herbicides/Agent Orange in Vietnam. An August 2010 Personnel Information Exchange System (PIES) response notes that all available requested records have been mailed. An August 2013 response from the Defense Personnel Records Information Retrieval System (DPRIS) shows that no requested documents were found. Further, the Veteran's Form DD-214s do not reflect any Vietnam service medals, awards, or other evidence that he stepped foot anywhere in Vietnam. While several of his Air Force personnel records show flights to Israel, Yemen, and Saudi Arabia, none show that he flew to, or landed in, Vietnam. For the reasons outlined above, and the Board finds that the weight of the evidence demonstrates that the Veteran did not set foot in the Republic of Vietnam.

Inasmuch as the Veteran is not shown to have service in Vietnam, or other exposure to herbicides in service, the presumptive provisions of 38 U.S.C.A. § 1116 do not apply, and service connection on a presumptive basis for diabetes mellitus and/or peripheral neuropathy as due to Agent Orange exposure is not warranted.

Furthermore, the Board notes that nothing of record suggests, nor does the Veteran ever allege, that his disabilities are otherwise directly related to service. His STRs contain no complaints, treatment, or diagnoses related to diabetes or peripheral neuropathy, and his last report of medical examination, conducted eight months prior to separation, was normal. 

A VA treatment record shows that hyperglycemia was diagnosed in January 2006. Diabetes was not noted in the Veteran's VA treatment records until October 2010. Diabetic neuropathies were not diagnosed until April 2012. Accordingly, according to the evidence, diabetes and peripheral neuropathy were diagnosed 10 and 12 years postservice, respectively. 

Notably, the Veteran has exclusively advanced a presumptive theory of entitlement (based on herbicide exposure) with respect to his claim of service connection for diabetes, and the Board is not obligated to raise and reject all possible theories of entitlement to render a viable opinion. See Robinson v. Mansfield, 21 Vet. App. 545, 552-56 (2008), aff'd sub nom. Robinson v. Shinseki, 557 F.3d 1355 (Fed.Cir.2009). Nonetheless, in this case, there is also no evidence supporting an in-service injury or event to which his current diabetes or peripheral neuropathy could be related. Therefore, as noted above, VA is not obligated to provide a VA examination in conjunction with the present claim. 

Further, the Veteran's theory of entitlement to service connection for bilateral lower extremity peripheral neuropathy is strictly one of secondary service connection; he alleges that his peripheral neuropathy is due to his diabetes. However, secondary service connection cannot be granted because, as discussed above, the Veteran is not service-connected for diabetes. 38 C.F.R. § 3.310. 

In light of the foregoing, the Board concludes that the preponderance of the evidence is against the Veteran's claims of service connection for diabetes mellitus and for right and left lower extremity peripheral neuropathy. Accordingly, the appeal in these matters must be denied.










ORDER

Service connection for diabetes mellitus is denied.

Service connection for left lower extremity peripheral neuropathy is denied.

Service connection for right lower extremity peripheral neuropathy is denied.



____________________________________________
M.C. GRAHAM
Veterans Law Judge, Board of Veterans' Appeals


Department of Veterans Affairs